# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIM. NO. 12-00006-CG-B** |
| | ) | **CRIM. NO. 18-00105-CG-B** |
| **FREDDY PAUL FOREMAN, JR.** | ) | |

## UNITED STATES' RESPONSE TO FOREMAN'S MOTION FOR JAIL CREDIT

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, submits this response to Freddy Paul Foreman, Jr.'s *pro se* motion seeking credit for time served pursuant to the First Step Act of 2018. This Court should deny the motion.

In Southern District of Alabama criminal case number 12-00006-CG-B, Foreman is serving a 60 month sentence following the revocation of his term of supervised release. [Doc. 78]. This Court ordered the sentence run consecutively with the sentence in Southern District of Alabama criminal case number 18-00105-CG-B. [*Id.*]. The Court of Appeals for the Eleventh Circuit affirmed the revocation and sentence. *United States v. Foreman*, No. 21-12778, 2022 WL 1217654, at *1 (11th Cir. Apr. 26, 2022). [Doc. 86].

In case number 18-00105-004, this Court sentenced Foreman to a prison term of 84 months for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 864. [Doc. 263]. Foreman has not appealed that conviction or sentence. His expected release date is February 6, 2028. *See Inmate Locator*,

https://www.bop.gov/inmateloc/ (Register No. 12501-003) (last visited August 11, 2022).

Foreman now moves for credit for the four months he was held at a county jail after his sentencing because of the COVID-19 pandemic, having filed the same motion in both criminal cases. [Doc. 88, case no. 12-00006-CG-B; Doc 283, case no. 18-00105-CG-B]. He argues he is entitled to sentence credit because he was deprived of the opportunity to participate in "productive activities" and rehabilitation programs when he was not in the custody of the Bureau of Prisons. [*Id.*]. Foreman appears to argue that he otherwise would have been eligible for good conduct time credit and qualified for home confinement on an earlier date. [*Id.*].

Further, this Court lacks jurisdiction to decide Foreman's motion, which it should construe as filed under 28 U.S.C. § 2241. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("We liberally construe *pro se* filings."). A § 2241 motion is the proper vehicle for obtaining judicial review of the calculation of a sentence. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). A defendant who wishes to challenge the BOP's sentence calculation—such as the date of commencement of the sentence, or whether credit for time served should be awarded—may do so through a § 2241 motion. *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000). However, the motion must be filed "in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).

"[T]he granting of credit for time served is in the first instance an administrative, not a judicial, function." *United States v. Flanagan*, 868 F.2d 1544, 1546

(11th Cir. 1989). "[T]he Attorney General, through the BOP," is specifically empowered to compute sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992). Judicial review of the computation of sentence credit is available only after the prisoner has exhausted all administrative remedies with the BOP.[1] *United States v. Alexander*, 609 F.3d 1250, 1259–60 (11th Cir. 2010).

This Court is without jurisdiction to consider Foreman's motion. Construing Foreman's motion as filed under § 2241, he has not alleged or demonstrated that he exhausted his administrative remedies before filing it. To that extent, his motion should be dismissed. *See Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). The motion should also be dismissed because Foreman filed it in the wrong district court. He is incarcerated at FCI Edgefield in the District of South Carolina. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (Register No. 12501-003) (last visited August 11, 2022). That is where he must file a § 2241 motion.

This Court should deny Foreman's motion because it lacks the authority to grant it.

                                      Respectfully submitted,

                                      SEAN P. COSTELLO
                                      UNITED STATES ATTORNEY
                                      By:

---

[1] The BOP has a process in place for an inmate who seeks "formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. § 542.10-524.16 (Administrative Remedy Program). "The appeal to the General Counsel is the final step in the Administrative Remedy Program." *Nichols v. Warden, FCC Coleman-Low*, 458 F. App'x 844, 845 (11th Cir. 2012) (unpublished).

*/s/ Marjorie Vincent-Tripp*
Marjorie Vincent-Tripp
Assistant United States Attorney
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 441-5845
Fax: (251) 441-5277

## CERTIFICATE OF SERVICE

I certify that on August 11, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve any counsel of record. Further, a copy of the foregoing was mailed on this date to: Freddy Foreman, Jr., Register No. 12501-003, P.O. Box 725, Edgefield, SC 29824.

*/s/ Marjorie Vincent-Tripp*
Marjorie Vincent-Tripp
Assistant United States Attorney
